## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Lamar Marshall,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **Civil Action No. 22-cv-3416** |
| **DELAWARE COUNTY D/B/A GEORGE W. HILL CORRECTIONAL FACILITY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## DEFENDANTS DELAWARE COUNTY D/B/A GEORGE W. HILL CORRECTIONAL FACILITY, WILLIAMS, FALY, AND MASTRODDI'S MOTION TO DISMISS PURSUANT TO RULES 12(B)(6) AND 12(B)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants Delaware County, Laura K. Williams, Dele Faly, and Lisa Mastroddi, by and through their undersigned counsel, hereby file the instant Motion to Dismiss.

Pursuant to Local Rule 7.1 a Brief in Support of Moving Defendants' Motion to Dismiss, exhibits, and a Proposed Order are attached, as though fully incorporated herein.

Date: August 31, 2022

/s/Jeffrey M. Scott
Jeffrey M. Scott
Archer & Greiner, P.C.
Three Logan Square
Suite 3500
1717 Arch Street
Philadelphia, Pennsylvania  19103
Phone:  215-279-9692
Fax:     215-963-9999
jscott@archerlaw.com Attorney for Defendants
Delaware County d/b/a
George W. Hill Correctional Facility, Laura K.
Williams, Dele Faly and Lisa Mastroddi

225540684v1

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Lamar Marshall,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **Civil Action No. 22-cv-3416** |
| **DELAWARE COUNTY D/B/A GEORGE W. HILL CORRECTIONAL FACILITY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANTS DELAWARE COUNTY, WILLIAMS, FALY, AND MASTRODDI'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULES 12(B)(5) AND 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

By:    Jeffery M. Scott, Esq.
       ARCHER & GREINER, P.C.
       Three Logan Square
       1717 Arch Street
       Suite 3500
       Philadelphia, PA 19103
       Tel: 215-279-9693
       Email: jscott@archerlaw.com
       Attorney for Defendants Delaware County d/b/a
       George W. Hill Correctional Facility, Laura K.
       Williams, Dele Faly and Lisa Mastroddi

i

I.        PROCEDURAL HISTORY AND JURISDICTION

On August 5, 2022, Plaintiff Lamar Marshall filed the instant lawsuit in the Delaware County Court of Common Pleas.  On August 25, 2022, Defendants County, Williams, Faly, and Mastroddi ("Moving Parties ") removed this matter to the United States District Court for the Eastern District of Pennsylvania as Plaintiff brings a claim under 42 U.S.C. § 1983.  Plaintiff also brings a state law negligence claim.  (DE 1). This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  No other named Defendant was properly served at the time of removal.

II.       FACTS

On or about March 30, 2022, Plaintiff was an inmate at George W. Hill Correctional Facility.  Plaintiff claims that he was in a holding cell for approximately four (4) or (5) days, housed with 17 other inmates.  Plaintiff claims that the holding cell did not have working toilets or running water.  Plaintiff claims that he was unable to shower, forced to urinate in milk cartons, and forced to sleep on the concrete floor.  As a result of sleeping on the floor, Plaintiff's claims that he suffered back and neck pain.  Compl., ¶¶ 11-15, attached here as Exhibit A.

Plaintiff claims that he was transferred to a new cell on April 12, 2022.  Plaintiff claims that this cell door locking mechanism did not work.  Plaintiff claims that he filed a grievance and requested to be moved to a new cell but his request was denied.  He claims that he feared for life for fifteen days, until his release, on April 27, 2022.  Plaintiff does not allege that he was assaulted or attacked by any other inmate.  Compl., ¶¶ 17-23.

1

### III.     CLAIMS

Count I of Plaintiff's Complaint is brought under the Eighth Amendment against the

Moving Parties.  Plaintiff's Count I is a challenge to conditions of confinement in violation of his

Eighth Amendment rights to be free from cruel and unusual punishment.  Count II of Plaintiff's

Complaint is a negligence claim brought against Defendants Williams, Faly, Banks and the Head

of the Maintenance Department.  Count II is styled as a cause of action for failing to provide a

safe environment for the general protection of all inmates, not just Marshall.  Count III is a claim

for medical negligence against Defendant Wellpath.  For the reasons set forth below, all claims

asserted against the Moving Parties should be dismissed for failure to state a claim upon which

relief can be granted

### IV.     STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party, in responding to a

pleading, may file a Motion to raise the defense of "failure to state a claim upon which relief can

be granted."  Specifically,

> [u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short
> and plain statement of the claim showing that the pleader is entitled to relief.' . . .
> [T]he pleading standard Rule 8 announces does not require 'detailed factual
> allegations,' but it demands more than an unadorned, the-defendant-unlawfully-
> harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a
> formulaic recitation of the elements of a cause of action will not do.'  Nor does a
> complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual
> enhancement.'

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555 (2007)) (internal citations omitted).  Thus, to survive a motion to dismiss, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  Id. (quoting Twombly, 550 U.S. at 570); see also Mack v. Bear Stearns Residential

Mortgage Corp., 755 F. Supp. 2d 651, 655 (E.D. Pa. 2010) (quoting Victaulic Co. v. Tieman,

499 F.3d 227, 234 (3d Cir.2007)) ("To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'"); <u>Perez ex rel. Estate of Perez v. City of Philadelphia</u>, 701 F. Supp. 2d 658, 662 (E.D. Pa. 2010) (<u>quoting</u> <u>Victaulic</u>, 499 F.3d at 234)(DuBois, J.).

In considering a Rule 12(b)(6) Motion, the court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." <u>Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.</u>, 113 F.3d 405, 417 (3d Cir. 1997) (<u>citing</u> <u>Fuentes v. S. Hills Cardiology</u>, 946 F.2d 196, 201 (3d Cir. 1991)).  While accepting "as true all well-pled allegations, [a court] need not credit the non-movant's conclusions of law or unreasonable factual inferences."  <u>Curay-Cramer v. Ursuline Acad. of Wilmington Del., Inc.</u>, 450 F.3d 130, 133 (3d Cir. 2006) (internal citations omitted).  Nor is the court "compelled to accept . . . 'a legal conclusion couched as a factual allegation.'"  <u>Baraka v. McGreevey</u>, 481 F.3d 187, 195 (3d Cir. 2007) (<u>quoting</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)), <u>cert. denied</u>, 128 S. Ct. 612 (2007).

Under <u>Iqbal</u>, the Supreme Court formalized a "two-pronged approach" that underlies a decision on a motion to dismiss.  <u>Perez</u>, 701 F. Supp. 2d at 662 (<u>citing</u> <u>Iqbal</u>, 556 U.S. at 679).  First, while a court must accept as true all allegations in a complaint, this principle is inapplicable to legal conclusions.  "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 556 U.S. at 678 (citations omitted).  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  <u>Id.</u> at 679 (citations omitted).  Determining whether a complaint states a plausible claim for relief is a "context-specific task," which "requires the reviewing court to draw on its judicial experience and common sense."  <u>Id.</u> at 679 (citations omitted).

The Supreme Court further instructed that, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679; see also Bear Stearns, 755 F. Supp. 2d at 655 (E.D. Pa. 2010). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 6790. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id.

Thus, in evaluating the sufficiency of a claim, the court must first outline the elements the plaintiff must plead in order to state a claim for relief. See Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). The court should then separate the factual and legal elements of the claim and disregard any legal conclusions. See id. Finally, the court must "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679). If at the conclusion of this analysis, the court can only infer "the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief" and the complaint should be dismissed. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) (internal quotations omitted).

In light of this governing standard, Plaintiff's Complaint must be dismissed. First, the Complaint fails to articulate sufficient facts to support the asserted claims against the Moving Parties. Second, this Court lacks personal jurisdiction over Defendants "Sam," "Head of the Maintenance Department," and "Mr. Banks. " For these reasons, and those that follow, Plaintiff's claims against the Moving Parties should be dismissed.

V.      ARGUMENT

      A.      **Count I of Plaintiff's Complaint Fails To Allege A Plausible Cause Of Action On A Failure To Protect Theory**

Count I of Plaintiff's Complaint alleges, without any specificity, that Defendants, County, Williams, Faly, and Mastroddi violated Plaintiff's Eighth Amendment rights.  Compl., at Count I.

To hold the individual Defendants liable under § 1983, Plaintiff "must establish (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person amenable to suit under § 1983 and acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  "To impose liability under § 1983, a plaintiff must establish with particularity that the named defendant was directly and personally involved in the deprivation of plaintiff's rights."  Payton v. Vaughn, 798 F. Supp. 258, 260 (E.D. Pa. 1992) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).  The allegations in the Complaint must show actual participation or actual knowledge and acquiescence in the unlawful conduct.  *Id.*

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities."  DiMaio v. George W. Hill Intake Dep't, 367 F. Supp. 3d 301, 306 (E.D. Pa. 2019)(citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). He must also establish that the defendants acted with deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  In assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances.  Hubbard v.

Taylor (Hubbard II), 538 F.3d 229, 235 (3d Cir. 2008); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996); Union Cty. Jail Inmates v. Di Buono, 713 F.2d 984, 1000-01 (3d Cir. 1983).

Plaintiff's Complaint fails to allege that each Moving Party was personally involved and acted with deliberate indifference toward Plaintiff's conditions of confinement.  Thus, Count I should be dismissed.

> **B.      Assuming Arguendo That The Plaintiff's Complaint Sets Forth A Constitutional Claim under Count I, All Claims Asserted Against Defendants Williams, Faly, and Mastroddi Must Be Dismissed Under The Qualified Immunity Doctrine**

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).[1]  "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  Id.; see also Mun. Revenue Servs., Inc. v. McBlain, 347 F. App'x 817, 823 (3d Cir. 2009) (non- precedential) (quoting Pearson, 555 U.S. at 231).  The

---

[1] Consideration of qualified immunity at a motion to dismiss stage is proper.  In Pearson, the Supreme Court explained that

> [u]nnecessary litigation of constitutional issues [] wastes the parties' resources. Qualified immunity is an immunity from suit rather than a mere defense to liability. Saucier's two-step protocol disserve[s] the purpose of qualified immunity when it forces the parties to endure additional burdens of suit – such as the costs of litigating constitutional questions and delays attributable to resolving them – when the suit otherwise could be disposed of more readily.

555 U.S. at 237 (internal citations and quotation marks omitted); see also Iqbal, 556 U.S. at 670, 674-75.

protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Groh v. Ramirez, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting) (citing Butz v. Economou, 438 U.S. 478, 507 (1978) (noting that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law")); see also Montanez v. Thompson, 603 F.3d 243, 250 (3d Cir. 2010) (citing Pearson, 555 U.S. at 231).

In Saucier v. Katz, the Court set forth a two-step analysis for evaluating claims of qualified immunity. 533 U.S. 194 (2001), overruled, Pearson, 555 U.S. at 223;[2] see also Bennett v. Murphy et al., 274 F.3d 133, 136 (3d Cir. 2002). "First, the court must determine whether the facts, taken in the light most favorable to the plaintiff, show a constitutional violation. If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the [state actor] is entitled to immunity." Bennett, 274 F.3d at 136.

> Once a court determines that there has been a constitutional violation, it must move to the second step and determine whether the constitutional right was clearly established. That is, in the factual scenario established by the plaintiff, would a reasonable state actor have understood that his actions were prohibited? The focus in this step is solely upon the law. If it would not have been clear to a reasonable state actor *what the law required* under the facts alleged, he is entitled to qualified immunity. If the requirements of the law would have been clear, the state actor must stand trial.

Bennett, 274 F.3d at 136-37 (emphasis in original).

---

[2] The Pearson Court did not overrule the doctrine of qualified immunity. Instead, the Supreme Court overruled the mandatory two-step qualified immunity analysis set forth in Saucier. The Supreme Court now permits district courts to address, in any order, either step, depending upon the facts and circumstances of each case. Bayer v. Monroe County Children & Youth Servs., 577 F.3d 186, 191 (3d Cir. 2009); Ernay v. Swatski, No. 10-1035, 2011 WL 3047731 (E.D. Pa. July 25, 2011), on reconsideration in part, 2011 WL 3495981 (E.D. Pa. Aug. 9, 2011). However, both steps are still required to defeat the doctrine of qualified immunity. See Pearson, 555 U.S. at 242.

In order to show that a constitutional right was clearly established *at the time of the alleged state action*, a plaintiff must show that "a reasonable state actor [would] have understood that his actions were prohibited." Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002).

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful. . .; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640 (1987). Unlawfulness can be apparent "even in novel factual circumstances." Hope v. Pelzer, 536 U.S. 730, 741 (2002); Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (per curiam) (emphasizing the need for attention to context in judging whether application of a general principle was clear under the circumstances). "[T]he salient question... is whether the state of the law [at the time of the conduct] gave respondents fair warning that their [conduct] was unconstitutional." Hope, 536 U.S. at 741; Groh v. Ramirez, 540 U.S. 551, 563 (2004). Under the facts pled, Defendants Williams, Faly, and Mastroddi are entitled to judgment under the doctrine of qualified immunity.

Plaintiff's complaint contains no facts which demonstrate that Defendants Williams, Faly, and Mastroddi each violated a clearly established constitutional right. As there are no facts alleged against Defendants Williams, Faly, and Mastroddi which even give rise to a claim under the Eighth Amendment, this Court should find that Defendants Williams, Faly, and Mastroddi are immune from suit under the doctrine of qualified immunity. Pearson v. Callahan, 555 U.S. 223, 231 (2009).

### C.    The Complaint Fails To Plead A Cause Of Action Against The County

At the outset, because the facts pled fail to establish a claim under the Eighth Amendment against the individual Defendants, the claim against the County fails as a matter of law. City of

Los Angeles v. Heller, 475 U.S. 796, 799 (1986)(the Supreme Court has determined that a

finding of a constitutional violation is a prerequisite to finding municipal liability); City of

Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989); Grazier ex rel. White v. City of Philadelphia,

328 F.3d 120, 124 (3d Cir. 2003); Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 238

n.15 (3d Cir. 2013)(It is "well-settled that, if there is no violation in the first place, there can be

no derivative municipal claim.")

For purposes of §1983, the County is treated as a municipality and are subject to liability

under Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).  Local

government units and supervisors are not liable under § 1983 solely on a theory of *respondeat

superior.*  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n. 8 (1985); Monell, 436 U.S.

at 690–91, 694 (municipal liability attaches only "when execution of a government's policy or

custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

represent official policy, inflicts the injury" complained of); Natale v. Camden County

Correctional Facility, 318 F.3d 575, 583–84 (3d Cir. 2003).

Plaintiff failed to plead any facts which gives rise to a plausible claim against the County

under §1983.  Plaintiff was required to plead that "'a [local] government's policy or custom . . .

inflict[ed] the injury' in question."  Estate of Roman v. City of Newark, 914 F.3d 789, 798 (3d

Cir. 2019) (alterations in original) (quoting Monell, 436 U.S. at 694).  "Policy is made when a

decisionmaker possess[ing] final authority to establish municipal policy with respect to the

action issues an official proclamation, policy, or edict." Id. (quoting Andrews v. City of

Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (alteration in original)). "A showing of simple

or even heightened negligence will not suffice." Brown, 520 U.S. at 407.  "Custom, on the other

hand, can be proven by showing that a given course of conduct, although not specifically

endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."

*Est. of Roman*, 914 F.3d at 798.  When the policy or custom does not facially violate

constitutional rights, a plaintiff "must demonstrate that the municipal action was taken with

'deliberate indifference' as to its known or obvious consequences*."*  Brown, 520 U.S. at 407.

Plaintiff has plead no such facts against the County.  As such, Plaintiff's municipal liability

asserted under Count I should be dismissed.

> ### D. Plaintiff's State Law Claims Brought Against Moving Parties Should Be Dismissed

Count II of Plaintiff's Complaint alleges that the Moving Parties breached their duty of

care to Plaintiff, by failing to protect him and provide a safe environment for all inmates.

Compl., Exhibit A, II, ¶¶ 34-35.  Count II of Plaintiff's Complaint should be dismissed against

the Moving Parties as this negligence claim does not fall under any of the nine (9) exceptions to

governmental immunity.  Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 *et seq.*

As a local governmental entity, the County of Delaware is generally immune from civil

liability on State law tort claims, Doe v. Dendrinos*,* No. CIV. A. 95-4471, 1995 WL 695092, at

*3 (E.D. Pa. Nov. 21, 1995), unless the Complaint alleges a negligence cause of action that fits

within one of the nine (9) exceptions to governmental immunity.  Geier v. Bd. of Pub. Educ. of

the Sch. Dist. of Pittsburgh, 153 A.3d 1189, 1193, n. 1 (Pa. Commw. Ct. 2017).  "All [nine]

exceptions to governmental immunity are limited to **specific acts of local agencies or their**

**employees**.  See 42 Pa. C.S. § 8542(b)(1) – ([9])."  Id*.* at 1197 (emphasis added).

Defendants Williams, Faly, and Mastroddi also enjoy the same immunity for their alleged

negligent acts.  *See* 42 Pa. C.S. § 8545.  See also, Spiker v. Allegheny Cnty. Bd. of Prob. &

Parole, 920 F. Supp. 2d 580, 612 (W.D. Pa. 2013), aff'd sub nom. Spiker v. Whittaker, 553 F.

App'x 275 (3d Cir. 2014)(Under 42 Pa. C.S. § 8545 an employee of a local agency is liable for acts within the scope of his official duties only to the extent that the local agency is liable.")

Section 8542(b) lists nine categories of "negligent acts" which, if committed by a local agency or agency employee, may subject the local agency to liability. 42 Pa. C.S. § 8542(a)-(b). Jean v. City of Philadelphia, __F.Supp.3d __,  2022 WL 1616171, *2 (E.D. Pa. May 23, 2022)(Robreno, J.). The exceptions are: (1) Vehicle liability; (2) Care, custody or control of personal property; (3) Real property; (4) Trees, traffic controls and street lighting; (5) Utility service facilities; (6) Streets; (7) Sidewalks; (8) Care, custody or control of animals; and (9) Sexual abuse (Conduct which constitutes an offense enumerated under section 5551(7) where the victim must be under the age of 18).  *Id*., 2022 WL 1616171, *3.  Because Plaintiff's Complaint fails to allege a cause of action that fits into any of the enumerated nine (9) exceptions, all claims asserted against Defendants Williams, Faly, and Mastroddi set forth in Count II must be dismissed with prejudice.

### E.    The District Court Lacks Personal Jurisdiction Over Defendants "Sam," "Head of the Maintenance Department," and "Mr. Banks

Effective service of process is a prerequisite to the court's personal jurisdiction over a defendant. "In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made."  The party must prove that service was properly effectuated by a preponderance of the evidence.  Kornea v. J.S.D Mgmt., Inc., 366 F. Supp. 3d 660, 666–67 (E.D. Pa. 2019)(citations omitted).

Rule 4(e) provides that service of a summons and complaint upon an individual within a judicial district of the United States can be achieved by:

> (1) following state law for serving a summons in an action brought
> in courts of general jurisdiction where the district court is located
> or where service is made; or

(2) doing any of the following:

\*\*\*

 (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Pennsylvania Rule of Civil Procedure ("PA Rule") 402 provides:

(a) Original process may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

\*\*\*

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Digenova v. Unite Here Loc. 274, No. CV 16-1222, 2016 WL 3144267, at \*3–4 (E.D. Pa. June 6, 2016), clarified on denial of reconsideration, No. CV 16-1222, 2016 WL 4473237 (E.D. Pa. Aug. 24, 2016)(citing Pa. R.C.P. 402(a)).

The Plaintiff does not allege that he made service by hand delivering a copy of the Complaint to actual people who fit the description of the Defendants identified as, "Sam," "Head of the Maintenance Department," or "Mr. Banks.  Instead, on August 10, 2022, the filed Affidavit of Service indicates that service was made by leaving a copy of the Complaint with Nikki Miller, an alleged authorized agent.  (See Affidavits of Service attached hereto as Exhibit B, collectively).

In order for service of process upon an authorized agent to be effective, the party asserting the validity of process needs to demonstrate that the agent had either implied or express authority to accept process.  *Scalla v. KWS, Inc.,* No. CV 18-1333, 2018 WL 6271646, at \*4 (E.D. Pa. Nov. 30, 2018)(citing United States ex rel. Thomas v. Siemens AG, 708 F. Supp. 2d

12

505, 519 (E.D. Pa. 2010) and <u>Grand Entm't Group v. Star Media Sales</u>, 988 F.2d 476, 478 (3d

Cir. 1993)).  The service of the Complaint upon Defendants "Sam," "Head of the Maintenance

Department," and "Mr. Banks was improper because these individuals were not properly

identified, and by extension, could not have been working at the George W. Hill Correctional

Facility on the alleged date of service.  Ms. Miller did not have actual or implied authority to

accept service on behalf of fictious individuals.

     For these reasons, the Court should dismiss Defendants "Sam," "Head of the

Maintenance Department," and "Mr. Banks from this matter for lack of personal jurisdiction.

**VI.    CONCLUSION**

     Based on the foregoing reasons, the Moving Parties respectfully request this Court grant

their Motion to Dismiss on all claims.

Date: August 31, 2022

*/s/Jeffrey M. Scott*
Jeffrey M. Scott
Archer & Greiner, P.C.
Three Logan Square
Suite 3500
1717 Arch Street
Philadelphia, Pennsylvania  19103
Phone:  215-279-9692
Fax:    215-963-9999
jscott@archerlaw.com
Attorney for Defendants Delaware County d/b/a
George W. Hill Correctional Facility, Laura K.
Williams, Dele Faly and Lisa Mastroddi

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned counsel for Defendants Delaware County d/b/a George W. Hill Correctional Facility, Laura K. Williams, Dele Faly and Lisa Mastroddi certifies that the foregoing Motion to Dismiss, Brief in Support of, and Exhibits were filed electronically with the Court using the Electronic Filing System, and are available for viewing and downloading.

Date: August 31, 2022

*/s/Jeffrey M. Scott*
Jeffrey M. Scott
Archer & Greiner, P.C.
Three Logan Square
Suite 3500
1717 Arch Street
Philadelphia, Pennsylvania  19103
Phone:  215-279-9692
Fax:      215-963-9999
jscott@archerlaw.com
Attorney for Defendants Delaware County d/b/a George W. Hill Correctional Facility, Laura K. Williams, Dele Faly and Lisa Mastroddi

225541049v1

14