# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMAR MARSHALL**<br>924 E. 27th Street<br>Wilmington, DE 19802 | : <br> : <br> : <br> : | Civil Action No.  2:22-cv-03416-JMY |
| Plaintiff<br>v. | : <br> : <br> : <br> : | |
| **DELAWARE COUNTY D/B/A GEORGE W. HILL CORRETIONAL FACILITY**<br>500 Cheyney Rd<br>Thornton, PA 19373 | : <br> : <br> : <br> : <br> : | **JURY TRIAL OF TWELVE (12) JURORS DEMANDED** |
| and | : | |
| **GEO CORRECTIONS AND DETENTION, LLC**<br>621 NW 53 ST<br>Boca Raton, Florida | : <br> : <br> : <br> : | |
| and | : | |
| **LAURA K. WILLIAMS**<br>Individually and in her official capacity as Warden<br>500 Cheyney Rd<br>Thornton, PA 19373 | : <br> : <br> : <br> : <br> : | |
| and | : | |
| **DELE FALY**<br>Individually and in his official capacity as Deputy Warden of Programs and Support<br>500 Cheyney Rd<br>Thornton, PA 19373 | : <br> : <br> : <br> : <br> : | |
| and | : | |
| **LISA MASTRODDI**<br>Individually and in her official capacity as Deputy Warden of Operations and Administration<br>500 Cheyney Rd | : <br> : <br> : <br> : <br> : | |

Thornton, PA 19373

and

**MR. BANKS**
Individually and in his official capacity as
Correctional Officer
500 Cheyney Rd
Thornton, PA 19373

and

**COUNSELOR SAM**
Individually and in her official capacity as
Counselor
500 Cheyney Rd
Thornton, PA 19373

and

**JOHN DOE, HEAD OF MAINTENANCE DEPARTMENT**
Individually and in his official capacity as
Head of Maintenance Department
500 Cheyney Rd
Thornton, PA 19373

and

**JOHN DOES**

       **Defendants.**

# FIRST AMENDED CIVIL ACTION COMPLAINT

## PARTIES

1. Plaintiff, Lamar Marshall, is an adult male, currently residing at 924 E. 27th Street, Wilmington, DE 19802. At all times material, Plaintiff was incarcerated at George W. Hill Correctional Facility.

2. Defendant, Delaware County d/b/a George W. Hill Correctional Facility ("George W. Hill"),

is a prison that, at all times material herein, acted in its official capacity.

3. Defendant, GEO Corrections and Detention, LLC, ("Geo"), is a Limited Liability Company, at all times material herein, acted in its official capacity.

4. Defendant, Laura K. Williams ("Williams"), is an adult individual who, at all times material herein, acted individually as Warden at George W. Hill Correctional Facility.

5. Defendant, Dele Faly ("Faly"), is an adult individual who, at all times material herein, acted individually as Deputy Warden of Security at George W. Hill Correctional Facility.

6. Defendant, Lisa Mastroddi ("Mastroddi"), is an adult individual who, at all times material herein, acted individually as Deputy Warden of Operations and Administration at George W. Hill Correctional Facility.

7. Defendant, Mr. Banks ("Banks"), whose first name is currently unknown, is an adult individual who, at all times material herein, acted individually as Correctional Officer at George W. Hill Correctional Facility.

8. Defendant, Counselor Sam ("Sam"), whose last name is currently unknown, is an adult individual who, at all times material herein, acted individually as Counselor at George W. Hill Correctional Facility.

9. Defendant, John Doe, Head of Maintenance Department, is an adult individual who, whose first and last name is currently unknown, at all times material herein, acted individually as Head of Maintenance at George W. Hill Correctional Facility.

10. Defendants, John Does 6-15, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

## JURISDICTION AND VENUE

11. The above paragraphs are hereby incorporated herein by reference.

12. Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law.

13. Venue is proper in this district as the facts and transactions involved in the discrimination complained of herein occurred in large part in Delaware County, Pennsylvania.

## STATEMENT OF FACTS

14. The above paragraphs are hereby incorporated herein by reference.

15. On or about March 30, 2022, Plaintiff was an inmate at George W. Hill Correctional Facility. Plaintiff was in a holding cell with approximately seventeen (17) other inmates. There were approximately another seventeen (17) inmates in a cell adjacent to them.

16. Plaintiff was in the holding cell for approximately four (4) or five (5) days.

17. The holding cells did not have basic amenities like working toilets or running water. Plaintiff was unable to shower and was forced to urinate in milk cartons. Plaintiff was subjected to being in these cells without bathrooms for many hours.

18. Plaintiff was forced to sleep on the concrete floor, and as a result, suffered intense back and neck pain.

19. Defendant, Banks worked in the booking and receiving area in the overnight shift. Plaintiff repeatedly asked Defendant Banks for the aforesaid basic needs including using the bathroom but was ignored. Banks watched as prisoners including Plaintiff experienced the aforesaid conditions. Banks ignored those requests and did nothing.

20. After several days of sleeping on the floor, Plaintiff was transferred to a cell. When Plaintiff arrived to his cell, he did not receive any required recreational time and was forced to eat in his cell.

21. On or around April 12, 2022, Plaintiff was transferred to a new cell. His new cell had a door that didn't properly lock because it was broken.

22. On or around April 17, 2022, Plaintiff filed a grievance regarding his cell having a broken door and a lamp that was leaking water.

23. As a result of the broken door, Plaintiff felt uncomfortable and had difficulty sleeping. Plaintiff felt unsafe and frequently feared for his life.

24. Plaintiff informed his counselor, Defendant, Sam, that his door was broken, and he needed a new door or for them to fix the current one.

25. Plaintiff was told that Defendant, Head of Maintenance, was informed and they were going to fix the door. The door was never fixed.

26. Plaintiff also asked to be moved to a different cell with a working door, but this request was denied.

27. Plaintiff was in this cell from on or about April 12, 2022, to his release on or about April 27, 2022.

28. These 15 days were filled with extreme fear and anxiety as Plaintiff was terrified that he would be attacked in his cell.

29. Upon information and belief, all Defendants knew or should have known about Plaintiff's broken door and fixed it.

30. Plaintiff continues to have back problems from sleeping on the concrete floor.

31. Plaintiff has suffered and continues to suffer severe physical and emotional distress as a

result of Defendants' conduct.

32. The conduct of the Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights, including as a result of failing to train and supervise. Specifically, Defendants, collectively or individually and/or jointly or severally, leave prisoners in cells without basic needs like using the bathroom (more fully described above), and leave prisoner unprotected in cells with broken doors.

33. Upon information and belief, Warden Laura K. Williams, Deputy Warden Dele Faly, and Deputy Warden Lisa Mastroddi are the chief decision makers regarding the aforesaid custom, policy, and/or practice.

## COUNT I.
## EIGTH AMENDMENT VIOLATION-FAILURE TO PROTECT/ CRUEL AND UNUSUAL PUNISHMENT
*Plaintiff v. All Defendants*

34. The above paragraphs are incorporated herein by reference.

35. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

36. Defendants failed to properly protect Plaintiff with a locking cell door.

37. Defendants failed to properly provide Plaintiff with working toilets or running water.

38. Defendants' actions stated above, inter alia, were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

39. Defendants caused Plaintiff to suffer cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT II.
## MONELL
*Plaintiff v. Defendants, Delaware County d/b/a George W. Hill Correctional Facility, GEO Corrections and Detention, LLC, Williams, Faly, Mastroddi, and John Doe, Head of Maintenance Department, (in their official capacities)*

40. The above paragraphs are incorporated herein by reference.

41. Prior to the events described herein, Defendant failed to train, supervise, and discipline the action of its officers, exhibiting deliberate indifference to the Constitutional rights of persons, which caused violation of Plaintiff's constitutional and other rights.

42. The conduct of the Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights, including as a result of failing to train and supervise. Specifically, Defendants, collectively or individually and/or jointly or severally, leave prisoners in cells without basic needs like using the bathroom (more fully described above), and leave prisoner unprotected in cells with broken doors.

43. Upon information and belief, Warden Laura K. Williams, Deputy Warden Dele Faly, and Deputy Warden Lisa Mastroddi are the chief decision makers regarding the aforesaid custom, policy, and/or practice.

44. Plaintiffs suffered harm due to the Defendant's conduct.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($70,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

**WEISBERG LAW**

/s/ David A. Berlin
David A. Berlin, Esquire
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| **LAMAR MARSHALL,** | : |
| | : Civil Action No. 2:22-cv-03416-JMY |
| Plaintiff, | : |
| | : |
| v. | : **JURY TRIAL OF TWELVE (12)** |
| | : **JURORS DEMANDED** |
| **DELAWARE COUNTY, et al.** | : |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 21st day of September 2022, a true and correct copy of the foregoing First Amended Complaint was served via e-filing on all counsel of record:

Jeffrey M. Scott, Esquire
Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103

Mr. Banks
Individually and in his official capacity as
Correctional Officer
500 Cheyney Rd
Thornton, PA 19373

Counselor Sam
Individually and in her official capacity as
Counselor
500 Cheyney Rd
Thornton, PA 19373

Jessamine Healthcare, Inc.
1283 Murfreesboro Road, Suite 500
Nashville, TN 37217

Jessamine Healthcare, Inc. d/b/a
Correct Care Solutions, LLC/
Wellpath, LLC
1283 Murfreesboro Road, Suite 500
Nashville, TN 37217

Correct Care Solutions, LLC/Wellpath, LLC
1283 Murfreesboro Road, Suite 500
Nashville, TN 37217

Mr. Banks
Individually and in his official capacity as
Correctional Officer
500 Cheyney Rd
Thornton, PA 19373

HEAD OF MAINTENANCE DEPARTMENT
Individually and in his official capacity as
Head of Maintenance Department
500 Cheyney Rd
Thornton, PA 19373

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
*Attorney for Plaintiff*